IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| RONALD W. CHERRY | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 6:17-cv-00274 |
| | § | |
| LIBERTY INSURANCE CORPORATION | § | |
| AND JONATHAN CARNLEY | § | (JURY) |
| | § | |
| Defendant. | § | |

## NOTICE OF REMOVAL

Defendants Liberty Insurance Corporation and Jonathan Carnley (collectively, "Defendants"), timely file this Notice of Removal pursuant to 28 U.S.C. § 1441(a), 28 U.S.C. § 1332(a), and 28 U.S.C. §1446(b), removing this action from the 87th District Court of Freestone County, Texas, to the United States District Court for the Western District of Texas, Waco Division, and in support thereof shows as follows:

**A.  Introduction**

1. Plaintiff Ronald W. Cherry ("Plaintiff") commenced this lawsuit against Defendants in the 87th District Court of Freestone County, Texas, by filing his Original Petition on or about August 30, 2017. A true and correct copy of the Original Petition is attached hereto as Exhibit "A." Plaintiff served the Original Petition on Defendant Liberty Insurance Corporation on or around September 8, 2017. Plaintiff served the Original Petition on Defendant Jonathan Carnley thereafter.

2. Defendants are filing this Notice of Removal within 30 days of their first receipt of Plaintiff's Original Petition as required by 28 U.S.C. § 1446(b).

3. Plaintiff seeks to recover damages in this lawsuit based on allegations of breach of contract, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act ("DTPA"), and breach of the duty of good faith and fair dealing resulting from the alleged conduct of Defendants. Plaintiff's claims arise under a homeowner's policy of insurance issued by Defendant Liberty Insurance Corporation on certain property owned by Plaintiff, located in Freestone County, Texas, which is alleged to have been damaged by a wind and hail storm.

**B.      Jurisdiction & Removal**

4. In a removal situation, the burden is on the removing party to establish the existence of jurisdiction and the propriety of removal. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). This Court has jurisdiction in this case pursuant to 28 U.S.C. § 1332, in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00. Accordingly, statutory authority for the removal of this matter is conferred by 28 U.S.C. §§ 1441 and 1446.

5. Complete diversity under 28 U.S.C. § 1332 exists in this case. Plaintiff is a citizen of the State of Texas. Liberty Insurance Corporation is a corporation organized under the laws of the State of Massachusetts with its principal place of business located in Boston.

6. The Court should not consider the citizenship of Defendant Jonathan Carnley for purposes of this removal because he has been improperly joined to this case. Under the well-established law of this Circuit, the citizenship of a non-diverse party who has been improperly joined to a suit solely to defeat diversity jurisdiction should be disregarded when ascertaining whether a federal court has subject matter jurisdiction under 28 U.S.C. § 1332. *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999). A defendant is improperly joined when

there is no reasonable basis for the Court to predict that the plaintiff might be able to recover against an in-state, non-diverse defendant on the claims pleaded in state court. *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).

7.   Here, Plaintiff's petition contains insufficient factual allegations to support a cause of action against Defendant Carnley. *See Sohmer v. Am. Med. Sec., Inc.*, CIV.A. 3:02-CV-1680-, 2002 WL 31323763, at *2-3 (N.D. Tex. Oct. 15, 2002). Specifically, the only causes of action Plaintiff asserts against Defendant Carnley are for various perceived violations of the Texas Insurance Code and DTPA, and for breach of the duty of good faith and fair dealing. In support of these causes of action, however, Plaintiff alleges no specific facts in support. Rather, Plaintiff's allegations consist primarily of threadbare, conclusory assertions, often tracking the language of the insurance code verbatim. *Ashcroft v. Iqbal*, 556 U.S. 662 at 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, to the extent Plaintiff has alleged any specific facts against Defendant Carnley, such allegations are tied to the insurance company's denial of coverage rather than any independent violations of the insurance code, for which a defendant adjuster may not be held personally liable. *See Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014) ("But for an adjuster to be held individually liable, they have to have committed some act that is prohibited by the section, not just be connected to an insurance company's denial of coverage."). Accordingly, Defendant Carnley has been improperly joined, and his citizenship should be disregarded for jurisdictional purposes.

8.   In addition, the amount in controversy meets the minimum jurisdictional requirements under 28 U.S.C. § 1332. Here Plaintiff, in accordance with the pleading requirements of Texas State Courts, has expressly pleaded that he seeks monetary relief damages

"between $200,000.00 and $1,000,000.00[.]" The sum claimed by a plaintiff controls the court's "amount in controversy" analysis. *Kennard v. Indianapolis Life Ins. Co.*, 420 F. Supp. 2d 601, 607 (N.D. Tex. 2006) *citing St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 288, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *see also St. Paul Reinsurance Company, Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998); *Allen v. R & H Oil & Gas Company,* 63 F.3d 1326, 1335 (5th Cir. 1995). In general, the court will look to the plaintiff's complaint regarding the pleaded amount in controversy, but the court is also free to look to other information before the court, including any discovery material and affidavits. *Id.*

9. If the court finds it necessary to consider additional information, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are, *inter alia*, penalties, statutory damages, and punitive damages—*not* interest or costs. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy. *Id.* Here, the combination of Plaintiff's allegations and Defendants' evidence demonstrate by more than a preponderance of the evidence that the amount in controversy exceeds $75,000.00.

10. Here, Plaintiff is suing for benefits afforded to him under Defendant Liberty Insurance Corporation's homeowners insurance policy, which provides $635,400.00 in coverage to Plaintiff's property. *See* a copy of the declarations page for the insurance policy at issue in this case, attached at Exhibit "B." In any first party insurance action, the amount of contract damages can be up to the insured amount. In addition, Plaintiff's pleading states that he is also seeking:

(a) Statutory damages in the amount of 18% interest on the total amount of the claim;

    (b)    Punitive damages in the amount of three times his actual damages;

    (c)    Attorneys' fees.

Even if Plaintiff had not already pleaded himself above the minimal amount needed for diversity jurisdiction, it is clear the types of damage he is seeking, when considered jointly, put him well above the jurisdictional minimum. Taking all of the allegations together, Defendants have ample reason to believe the potential damages in this matter would be in excess of the minimum required for diversity jurisdiction.

11. For these reasons, Defendants believe it is reasonably clear that the amount in controversy exceeds the sum of $75,000.00. Not only has Plaintiff conceded as much, Defendants have also made such showing by a preponderance of the evidence as required by applicable federal law.

12. Venue is proper in this district and division under 28 U.S.C. § 1441(a) because the state court where the action has been pending is located in this district and division.

13. Contemporaneous with the filing of this Notice of Removal, Defendants are filing a Notice of Filing Notice of Removal with the Clerk of Court for the 87th District Court of Freestone County, Texas pursuant to 28 U.S.C. § 1446(d).

14. Attached hereto are all documents required by 28 U.S.C. § 1446(a).

15. Defendants demanded a jury in the state court action. Defendants also request a trial by jury pursuant to Rule 81(c)(3)(A), Federal Rules of Civil Procedure.

16. All fees required by law in connection with this Notice have been tendered and paid by Defendants.

WHEREFORE, Defendants Liberty Insurance Corporation and Jonathan Carnley hereby remove the above-captioned matter, now pending in the 87th District Court of Freestone County, to the United States District Court for the Western District of Texas, Waco Division.

          Respectfully submitted,

          **SHEEHY, WARE & PAPPAS, P.C.**

By:      /s/ *J. Mark Kressenberg*
     J. Mark Kressenberg
     Fed. Adm. No. 7793
     Texas State Bar No. 11725900
     909 Fannin Street
     Two Houston Center
     Suite 2500
     Houston, Texas 77010-1003
     713-951-1000 Telephone
     713-951-1199 Telecopier

**ATTORNEYS FOR THE DEFENDANTS LIBERTY INSURANCE CORPORATION AND JONATHAN CARNLEY**

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the above foregoing instrument has been forwarded via certified mail, return receipt requested, messenger delivery, e-filing, or facsimile transmission on October 9, 2017 to the following counsel of record:

Preston J. Dugas III
PRESTON DUGAS LAW FIRM, PLLC
Oil & Gas Building
309 W. 7th Street, Suite 1100
Fort Worth, TX 76102
Phone: (817) 945-3061
Fax: (682) 219-0761

                                              /s/ *J. Mark Kressenberg*
                                                    J. Mark Kressenberg

2963709_1