CV 17-316-B

Freestone County - District Clerk

Filed 8/30/2017 2:51 PM
Teresa Black
District Clerk
Freestone County, Texas

Kristi Rose

CAUSE NO. **CV 17-316-B**

| | | |
|---|---|---|
| RONALD W. CHERRY,<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT |
| vs. | §<br>§ | |
| | § | **87TH** JUDICIAL DISTRICT |
| LIBERTY INSURANCE CORPORATION and<br>JONATHAN CARNLEY,<br>Defendants. | §<br>§<br>§<br>§ | |
| | | FREESTONE COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

**RONALD W. CHERRY**, Plaintiff herein, files this his Original Petition against Defendants, **LIBERTY INSURANCE CORPORATION and JONATHAN CARNLEY**, and, in support of his causes of action, would respectfully show the Court the following:

#### I.   PARTIES

1. Plaintiff owns the property made the basis of this suit in Freestone County, Texas. Said property is located at: <u>388 Stonewall Drive, Streetman, Texas 75859 (the "Property")</u>.

2. **LIBERTY INSURANCE CORPORATION** ("LIC") is a foreign entity authorized to engage in the insurance business in the State of Texas, and may be served by serving its Registered Agent for Service of Process, **Corporation Service Company located at 211 East 7th Street, Suite 620, Austin, Texas 78701**. Service is requested by certified mail, return receipt requested, pursuant to Tex. R. Civ. P., Rule 106

3. **JONATHAN CARNLEY** is a licensed insurance adjuster in the State of Texas who at all times material hereto "inspected" and adjusted Plaintiff's claims on behalf of LIC. Mr. Carnley may be personally served with process by serving him at **1701 Post Oak Dr., Kilgore, Texas 75662**.

#### II.   DISCOVERY

4. Plaintiff intends to conduct discovery under Level 3 of Texas Rules of Civil Procedure 190.2 and 169.

# EXHIBIT "A"

### III. CLAIM FOR RELIEF

5. Plaintiff does not wish to impose any limit on what he may present to the jury or what the jury may consider as a range of damages in this case. However, Plaintiff makes the following representation in compliance with Tex. R. Civ. P. 47(c) to aid in the efficient court administration. Plaintiff believes that the most reasonable option afforded under Tex. R. Civ. P. 47, at this time, prior to the completion of discovery in the case, is to seek monetary relief over $200,000 but not to exceed $1,000,000, exclusive of interest and costs, which is the only option that does not require Plaintiff to select a speculative, arbitrary cap on his damages. Plaintiff reserves the right to modify or adjust this statement, as the litigation progresses and additional evidence is compiled. Regardless of what Plaintiff must state for administrative purposes as the amount of damages he seeks pursuant to Tex. R. Civ. P. 47(c), he desires to leave the final determination of damages, if any, to the sole province of the jury, based upon the credible evidence presented to the jury at trial.

### IV. JURISDICTION AND VENUE

6. This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court.

7. Venue is proper in Freestone County under Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in said County. In particular, the loss at issue occurred in this County and the bad faith acts of Mr. Carnley occurred in this County.

### V. FACTUAL BACKGROUND

8. Mr. Cherry is a named insured under a property insurance policy issued by LIC.

9. On or about March 27, 2017, a massive wind and hail storm hit Freestone County, Texas, damaging Mr. Cherry's house and other property. He subsequently filed a claim on his insurance policy and hired Roy Young with Young Public Adjusters, LLC to assist with his claims.

10. On or about May 18, 2017, David Owen on behalf of LIC went to the property for an inspection with Mr. Young present. Mr. Owen arrived that morning an hour late for the inspection.

Once he arrived, and prior to conducting any inspection, he stated that there was penny size hail in the area and that there was no hail damage to the roof. During the inspection, Mr. Owen never got on the roof to inspect it with his own eyes. Mr. Owen did inspect the garage doors and claims that dents to the garage doors were not due to hail, but to "rock damage from lawn mowers."

11. Shortly thereafter, LIC issued its opinions and an estimate. LIC improperly denied portions of the claim and underpaid areas it considered damage by a covered peril.

12. In response, on or about June 9, 2017, Mr. Young requested that a reinspection take place at the property based on the initial adjuster's outcome oriented inspection, failure to properly inspect the roof and Mr. Young's estimate and photograph report that clearly shows hail damage.

13. On or about June 26, 2017, Mr. Owen called Mr. Young to schedule a reinspection of the property.

14. Mr. Young and Mr. Cherry did not want the same adjuster, Mr. Owen, to reinspect the property. Mr. Young and Mr. Cherry requested that a different adjuster be assigned to the claim and reinspect.

15. Sometime in July, LIC assigned a new adjuster to the claim, Jonathan Carnley. Shortly thereafter, Mr. Carnley visited the property for a re-inspection with Mr. Young present.

16. During that inspection Mr. Carnley and Mr. Young got onto the roof together. Once on top of the roof, Mr. Carnley handed Mr. Young his camera and asked that Mr. Young take pictures of hail damage. Mr. Carnley never inspected the property with his own eyes. Mr. Carnley also warned Mr. Young that the entire inspection was being videotaped with a camera that was connected to his sunglasses. At the end of the inspection, Mr. Carnley stated that he would pay for the roof if Mr. Young would forego any other damage claim. Mr. Young declined.

17. Mr. Young reported Mr. Carnley's actions to LIC.

18. In response, Mr. Carnley, on behalf of LIC, sent a threatening email to Mr. Young demanding that Mr. Young change his "allegation" of how the inspection was handled.

19. LIC and Mr. Carnley essentially conducted no investigation and inspection of the

property, prepared a report that failed to include all of the damages that were noted during the inspection, undervalued the damages that clearly existed, and threatened Plaintiff's public adjuster who was assisting with this claim.

20. LIC and Mr. Carnley's unreasonable investigation led to the underpayment and/or no payment of Plaintiff's claim.

21. Moreover, LIC and Mr. Carnley performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

## VI.   CAUSES OF ACTION

22. Each of the foregoing paragraphs is incorporated by reference in the following:

**A.    Breach of Contract (Defendant LIC)**

23. Defendant had a contract of insurance with Plaintiff. Defendant breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

**B.    Prompt Payment of Claims Statute (Defendant LIC)**

24. The failure of Defendant to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.051 *et seq.* of the Texas Insurance Code.

25. Plaintiff, therefore, in addition to Plaintiff's claim for damages is entitled to 18% interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

**C.    Bad Faith/DTPA (All Defendants)**

26. Defendants are required to comply with Chapter 541 of the Texas Insurance Code.

27. Defendants violated § 541.051 of the Texas Insurance Code by:

(1) making statements misrepresenting the terms and/or benefits of the policy.

28. Defendants violated § 541.060 by:

(1) misrepresenting to Plaintiff a material fact or policy provision relating to

4

coverage at issue;

(2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

(3) failing to promptly provide Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(4) failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

(5) refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

29. Defendants violated § 541.061 by:

(1) making an untrue statement of material fact;

(2) failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

(3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4) making a material misstatement of law; and

(5) failing to disclose a matter required by law to be disclosed.

30. At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from LIC.

31. LIC has violated the Texas Deceptive Trade Practices Act in the following respects:

(1) Defendants represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

(2) Defendants failed to disclose information concerning goods or services which

was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

(3) Defendants, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)(3) in that this Defendant took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code.

32. Defendants knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

**D.   Breach of The Duty of Good Faith and Fair Dealing (All Defendants)**

33. Defendants breached the common law duty of good faith and fair dealing owed to Plaintiff by failing to investigate the claims, threatening Plaintiff's representative and denying and/or delaying payment on the Claim when Defendant knew or should have known liability was reasonably clear. Defendant, is therefore liable to Plaintiff.

**E.   Attorneys' Fees**

34. Plaintiff engaged the undersigned attorneys to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

35. Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001-38.003 because Plaintiff is represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

36. Plaintiff further prays that he be awarded all reasonable attorneys' fees incurred in prosecuting his causes of action through trial and any appeal pursuant to Sections 541.152 of the Texas Insurance Code.

## VII. CONDITIONS PRECEDENT

37. All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendant.

## VIII. DEMAND FOR JURY

38. Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff herein requests a jury trial and along with the filing of the Original Petition has tendered to the Clerk of the Court the statutory jury fee.

## IX. DISCOVERY REQUESTS

39. Pursuant to Rule 194, Defendants are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

40. LIC is also requested to respond to the attached interrogatories, requests for production and requests for admissions within fifty (50) days, in accordance with the instructions stated therein.

## X. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff herein prays that, upon final hearing of the case, he recovers all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Plaintiff be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

**PRESTON DUGAS LAW FIRM, PLLC**
Oil & Gas Building
309 W. 7th Street, Suite 1100
Fort Worth, Texas 76102

Telephone: (817) 945-3061
Facsimile: (682) 219-0761
Email: preston@pjdlawfirm.com

By:/s/***Preston J. Dugas III***
PRESTON J. DUGAS III
State Bar No. 24050189

**ATTORNEY FOR PLAINTIFF**

**PLAINTIFF'S FIRST SET OF INTERROGATORIES,
REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS**

COMES NOW Plaintiff(s) in the above-styled and numbered cause, and requests that Defendant(s) (1) answer the following Interrogatories separately and fully in writing under oath within 50 days of service; (2) answer the Requests for Production separately and fully in writing within 50 days of service; (3) answer the Requests for Admissions separately and fully in writing within 50 days of service; (4) serve your answers to these Interrogatories, Requests for Production, and Requests for Admissions on Plaintiff by and through his attorneys of record, Preston J. Dugas III, Preston Dugas Law Firm, PLLC; and (5) produce all documents responsive to the Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within 50 days of service to Preston Dugas Law Firm, PLLC. You are also advised that you are under a duty to seasonably amend your responses if you obtain information on the basis of which:

a. You know the response made was incorrect or incomplete when made; or

b. You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

**DEFINITIONS AND INSTRUCTIONS**

A. These Responses call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B. If you cannot answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

8

C.  If you claim that any document which is required to be identified or produced by you in any response is privileged:

   1. Identify the document's title and general subject matter;
   2. State its date;
   3. Identify all persons who participated in its preparation;
   4. Identify the persons for whom it was prepared or to whom it was sent;
   5. State the nature of the privilege claimed; and
   6. State in detail each and every fact upon which you base your claim for privilege.

D.  "Documents," includes any written, recorded or graphic matter, however produced or reproduced, of every kind regardless of where located including, but not limited to, medical records, tax returns, earnings statements, any summary, schedule, memorandum, note, statement, letter, telegraph, interoffice communication, report, diary, ledger, journal, log, desk or pocket calendar or notebook, day book, appointment book, pamphlet, periodical, worksheet, cost sheet, list, graph, chart, telephone or oral conversation, study, analysis, transcript, minutes, accounting records, data sheet, tally or similar freight documents, computer printout, electronic mail, computer disk, and all other memorials of any conversations, meetings and conferences, by telephone or otherwise, and any other writing or recording which is in your possession, custody or control or in the possession, custody or control of any director, officer, employee, servant or agent of yours or your attorneys. The term "documents" shall also include the files in which said documents are maintained. Electronically stored information should be produced in PDF format.

E.  "You," "Your," "Yours", "Defendants" and "Defendant" means all Defendants in this case.

F.  In each instance where you are asked to identify or to state the identity of a person, or where the answer to an Interrogatory refers to a person, state with respect to each such person:

   1. His or her name;
   2. His or her last known business and residence address and telephone number; and
   3. His or her business affiliation or employment at the date of the transaction, event or matter referred to.

G.  If you decide that one question is not simply one question and plan to object based upon more than 25 interrogatories, you are instructed to skip that question and continue to answer what you consider to be only one question, by answering only the first 25 alleged single questions. By answering any one numbered question, you are hereby admitting that one number question is in fact one question and waive any objection based upon a limit of interrogatories.

H.  "Plaintiffs" and "Plaintiff" includes all Plaintiffs, and refers to a single Plaintiff or multiple Plaintiffs, if applicable.

I.  "Property" means the property at issue in the lawsuit.

J.  "Lawsuit" means this lawsuit.

Respectfully submitted,

9

**PRESTON DUGAS LAW FIRM, PLLC**
Oil & Gas Building
309 W. 7th Street, Suite 1100
Fort Worth, Texas 76102
Telephone:   (817) 945-3061
Facsimile:    (682) 219-0761
Email: preston@pjdlawfirm.com

By:/s/*Preston J. Dugas III*
PRESTON J. DUGAS III
State Bar No. 24050189

**ATTORNEY FOR PLAINTIFF**

**INTERROGATORIES TO DEFENDANT**

1.  Identify the name, address, and role in the claim made the basis of this Lawsuit, if any, for all persons providing information for the answers these interrogatories.

    ANSWER:

2.  Identify all persons and/or entities who handled the claim made the basis of the Lawsuit on behalf of Defendant.

    ANSWER:

3.  Does Defendant contend that Plaintiff(s) failed to provide proper notice of the claim made the basis of this Lawsuit under either the policy or the Texas Insurance Code, and, if so, describe how the notice was deficient, and identify any resulting prejudice caused to Defendant.

    ANSWER:

4.  Does Defendant claim that Plaintiff(s) failed to mitigate his or her damages?  If so, describe how Plaintiff failed to do so, identifying any resulting prejudice caused to Defendant.

    ANSWER:

5.  Does Defendant contend that Plaintiff(s) failed to provide Defendant with requested documents and/or information?  If so, identify all requests to which Plaintiff(s) did not respond and state whether you denied any portion of the claim based on Plaintiff's(s') failure to respond.

    ANSWER:

6.  At the time the claim made the basis of this Lawsuit was investigated and the Property inspected (and prior to anticipation of litigation), describe all damage attributable to the storm observed at the Property by Defendant or any persons or entities on behalf of Defendant.

ANSWER:

7.  Identify all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion identified, state the reason(s) that Defendant relied upon to apply that exclusion.

    ANSWER:

8.  Describe how Defendant determined whether overhead and profit ("O&P") should be applied to the claim made the basis of this Lawsuit, identifying the criteria for that determination.

    ANSWER:

9.  Identify all items on the claim made the basis of this Lawsuit to which Defendant applied depreciation, stating for each item the criteria used and the age of the item.

    ANSWER:

10. To the extent Defendant utilized an estimating software program and modified the manufacturer's settings with respect to Plaintiff's claim, identify those modifications.

    ANSWER:

11. State whether Defendant applied depreciation to the tear off of the damaged roof and/or other debris removal in the claim made the basis of this Lawsuit, identifying the basis for that depreciation and the applicable policy section under which the tear off was paid under.

    ANSWER:

12. Identify all price lists used to prepare all estimates on the claim made the basis of this Lawsuit, stating the manufacturer, version, date and geographical area.

    ANSWER:

13. To extent Defendant is aware, state whether the estimate(s) prepared for the claim made the basis of lawsuit wrongly included or excluded any item or payment. If so, identify each item or payment and state whether it should have been included or excluded from the estimates prepared on the claim made the basis this Lawsuit.

    ANSWER:

14. To the extent Defendant is aware, state any violations of Texas Insurance Code Section 541 that were discovered on this claim during the claims handling process.

    ANSWER:

15. To the extent Defendant is aware, state any violations of Texas Insurance Code Section 542 that were discovered on this claim during the claims handling process.

11

ANSWER:

**REQUESTS FOR PRODUCTION TO DEFENDANT**

1. The following insurance documents issued for the Property as identified in the Petition:

   a. the policy at issue for the March 2017 wind/hail storm as identified in the Petition; and

   b. the policy declarations page for the 3 years preceding the storm and any endorsements.

RESPONSE:

2. Produce underwriting files and documents relating to the underwriting for all insurance policies for the Property at issue. This request is limited to the past 5 years. To the extent Defendant contends that the underwriting file or documents older than 5 years impact the damages or coverage, produce that underwriting file or document.

RESPONSE:

3. All documents relating to the condition or damages of the Property or any insurance claim on the Property.

RESPONSE:

4. All documents relating to any real property insurance claims made by the Plaintiff(s). This request is limited to the past 5 years. To the extent Defendant contends that documents older than 5 years impact the damages or coverage, produce that document.

RESPONSE:

5. All requests for information to any third party about the Property, the Plaintiff(s), or the claims made the basis of this Lawsuit.

RESPONSE:

6. All documents used to instruct, advise, guide, inform, educate, or assist provided to any person handling the claim made the basis of this Lawsuit that related to the adjustment of these types of claims, i.e., hail property damage.

RESPONSE:

7. All documents received (prior to litigation) directly or indirectly from Plaintiff(s) or created by Plaintiff(s) related to the Property made the basis of this lawsuit. This request is limited to the past 5 years. To the extent Defendant contends that any document older than 5 years impact the damages or coverage, produce that document.

RESPONSE:

8. Produce a copy of all price lists used to prepare any estimates for the claim made the basis of this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party,

you can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

RESPONSE:

9.  A complete copy of the personnel file related to performance (excluding medical and retirement information) for all people and their managers and/or supervisors who directly handled the claim made the basis of this Lawsuit, including all documents relating to applications for employment, former and current resumes, last known address, job title, job descriptions, reviews, evaluations, and all drafts or versions of requested documents. This request is limited to the past 5 years.

RESPONSE:

10. If an engineer and/or engineering firm evaluated the Property, produce all reports written at the request of Defendant by that engineer or engineering firm within the last 5 years. This request is limited to the extent that the engineer and/or engineering firm was used during claims handling.

RESPONSE:

11. All documents relating to issues of honesty, criminal actions, past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior which resulted in disciplinary action by Defendant of any person(s) or entity(ies) who handled the claim made the basis of this Lawsuit, the Plaintiff(s) or any person assisting on the claim made the basis of this Lawsuit.

RESPONSE:

12. All documents relating to work performance, claims patterns, claims problems, commendations, claims trends, claims recognitions, and/or concerns for any person who handled the claim made the basis of this Lawsuit.

RESPONSE:

13. All Simsol Management reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit relating to claims occurring in the county of suit on or about the March 2017 claimed by Plaintiff(s).

RESPONSE:

14. All documents between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit regarding document retention policy in effect at the time of Plaintiff's claim.

RESPONSE:

15. The claim file related to the claim made the basis of this lawsuit, including all communications between Plaintiff and Defendant, and any of Defendant's agents.

RESPONSE:

**FIRST SET OF REQUESTS FOR ADMISSIONS TO DEFENDANT**

**REQUEST FOR ADMISSION NO. 1.** Admit you committed statutory bad faith in adjusting Plaintiff's claim.

RESPONSE:

**REQUEST FOR ADMISSION NO. 2.** Admit you committed common law bad faith in adjusting Plaintiff's claim.

RESPONSE:

**REQUEST FOR ADMISSION NO. 3.** Admit you breached the insurance agreement by failing to pay the full amount owed there under.

RESPONSE:

**REQUEST FOR ADMISSION NO. 4.** Admit you breached the insurance agreement by failing to pay the full amount owed there under on a timely basis.

RESPONSE:

**REQUEST FOR ADMISSION NO. 5.** Admit you breached the Texas Prompt Payment Act by failing to pay the full amount owed under the policy in a timely fashion.

RESPONSE:

Respectfully submitted,

**PRESTON DUGAS LAW FIRM, PLLC**
Oil & Gas Building
309 W. 7th Street, Suite 1100
Fort Worth, Texas 76102
Telephone:   (817) 945-3061
Facsimile:   (682) 219-0761
Email: preston@pjdlawfirm.com

By:/s/*Preston J. Dugas III*
PRESTON J. DUGAS III
State Bar No. 24050189

**ATTORNEY FOR PLAINTIFF**

Teresa Black
District Clerks office
PO Box 722
Fairfield, Texas 75840

CERTIFIED MAIL
7016 3560 0000 5299 6090



U.S. POSTAGE >> PITNEY BOWES
ZIP 75840 $ 007.71
02 4W
0000343425 SEP. 06. 2017

Liberty Insurance Corporation
211 East 7th Street, Suite 620
Austin, Texas 78701



# Notice of Service of Process

HZC / ALL
Transmittal Number: 17116408
Date Processed: 09/08/2017

| | |
|---|---|
| Primary Contact: | Bruce Buttaro<br>Liberty Mutual Insurance Company<br>175 Berkeley Street<br>Boston, MA 02116 |

| | |
|---|---|
| Entity: | Liberty Insurance Corporation<br>Entity ID Number  2538339 |
| Entity Served: | Liberty Insurance Corporation |
| Title of Action: | Ronald W. Cherry vs. Liberty Insurance Corporation |
| Document(s) Type: | Citation/Petition |
| Nature of Action: | Contract |
| Court/Agency: | Freestone County District Court, Texas |
| Case/Reference No: | CV 17-316-B |
| Jurisdiction Served: | Texas |
| Date Served on CSC: | 09/08/2017 |
| Answer or Appearance Due: | 10:00 am Monday next following the expiration of 20 days after service |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Sender Information: | Preston J. Dugas III<br>817-945-3061 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# THE STATE OF TEXAS

**NOTICE TO DEFENDANT**: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: **LIBERTY INSURANCE CORPORATION, 211 EAST 7TH STREET, SUITE 620, AUSTIN, TEXAS 78701**

Greeting:

You are hereby commanded to appear by filing a written answer to the petition at or before 10:00 a.m. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable District Court of Freestone County, Texas at the Courthouse of said County in Fairfield, Texas.

Said petition was filed in said court, by **PRESTON DUGAS LAW FIRM, PLLC, OIL AND GAS BUILDING, 309 W 7TH STREET, SUITE 1100, FORT WORTH, TEXAS 76102** on August 30, 2017 in this case, numbered **CV 17-316-B** on the docket of said court, and styled,

**RONALD W. CHERRY**

**VS**

**LIBERTY INSURANCE CORPORATION AND JONATHAN CARNLEY**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to requirements of laws, and the mandates thereof, and make due return as the laws directs.

Issued and given under my hand and seal of said Court at Fairfield, Texas this September 5, 2017.

Attest: Teresa Black, District Clerk, P.O. Box 722, Fairfield, Texas 75840

By _____, Deputy

---

## CERTIFICATE OF DELIVERY BY MAIL

Came to hand on _____, at _____ o'clock ___M and executed in Freestone County, Texas by mailing the within named defendant, by certified mail, return receipt requested, a true copy of this citation at the following address on the following date.

| Name & Address of Defendant | Certified Mail Rec# | Date Mailed | Date Returned |
|---|---|---|---|
| Liberty Insurance Corporation<br>211 East 7th Street. Suite 620<br>Austin, Texas 78701 | 7016 3560 0000 5299 6090 | 09-05-2017 | |

**RETURN TO COURT** By _____, Deputy

**OFFICERS RETURN**

CAUSE NO: CV 17-316-B

DIRECTED TO: LIBERTY INSURANCE CORPORATION, 211 EAST 7TH STREET, SUITE 620, AUSTIN, TEXAS 78701

DATE CITATION ISSUED: September 05, 2017

Came to hand on \_\_\_\_day of_____at _____o'clock \_\_\_\_M. and;

( ) executed it by delivering a copy of this citation with the date of delivery endorsed on it to defendant,

_____

_____in person on the _____day of _____, 20\_\_\_ at _____o'clock \_\_\_\_M.

At_____; or

( ) executed it by mailing a copy of the citation via registered / certified mail on the \_\_\_\_\_day of _____, 20\_\_\_

To defendant_____

_____Attaching the return receipt, with the addressee's signature, to the return; or

( ) did not execute it because_____

Total Fee: $_____

_____

Sheriff/Constable/District Clerk

Of _____ County, Texas

By:_____
 Deputy

COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

"My name is _____, my date of birth is _____, and my address is

_____.

I DECLARE UNDER PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____County, State of _____, on the \_\_\_\_\_day of _____, 20\_\_\_.

_____
Declarant/Authorized Process Server

_____
(Id# & expiration of certificate

# THE STATE OF TEXAS

**NOTICE TO DEFENDANT**: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: **LIBERTY INSURANCE CORPORATION, 211 EAST 7TH STREET, SUITE 620, AUSTIN, TEXAS 78701**

Greeting:

You are hereby commanded to appear by filing a written answer to the petition at or before 10:00 a.m. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable District Court of Freestone County, Texas at the Courthouse of said County in Fairfield, Texas.

Said petition was filed in said court, by **PRESTON DUGAS LAW FIRM, PLLC, OIL AND GAS BUILDING, 309 W 7TH STREET, SUITE 1100, FORT WORTH, TEXAS 76102** on August 30, 2017 in this case, numbered **CV 17-316-B** on the docket of said court, and styled,

**RONALD W. CHERRY**

**VS**

**LIBERTY INSURANCE CORPORATION AND JONATHAN CARNLEY**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to requirements of laws, and the mandates thereof, and make due return as the laws directs.

Issued and given under my hand and seal of said Court at Fairfield, Texas this September 5, 2017.

Attest: Teresa Black, District Clerk, P.O. Box 722, Fairfield, Texas 75840

By _____, Deputy

## CERTIFICATE OF DELIVERY BY MAIL

Came to hand on _____, at _____ o'clock ___M and executed in Freestone County, Texas by mailing the within named defendant, by certified mail, return receipt requested, a true copy of this citation at the following address on the following date.

| Name & Address of Defendant | Certified Mail Rec# | Date Mailed | Date Returned |
|---|---|---|---|
| Liberty Insurance Corporation<br>211 East 7th Street. Suite 620<br>Austin, Texas 78701 | 7016 3560 0000 5299 6090 | 09-05-2017 | |

SERVE        By _____, Deputy

# OFFICERS RETURN

**CAUSE NO: CV 17-316-B**

**DIRECTED TO:** LIBERTY INSURANCE CORPORATION, 211 EAST 7TH STREET, SUITE 620, AUSTIN, TEXAS 78701

**DATE CITATION ISSUED:** September 05, 2017

Came to hand on _____day of _____ at _____o'clock _____M. and;

( ) executed it by delivering a copy of this citation with the date of delivery endorsed on it to defendant,

_____

_____in person on the _____day of _____, 20___ at _____o'clock _____M.
At _____; or

( ) executed it by mailing a copy of the citation via registered / certified mail on the _____day of _____, 20___
To defendant_____

_____Attaching the return receipt, with the addressee's signature, to the return; or

( ) did not execute it because_____

**Total Fee:** $_____

_____
**Sheriff/Constable/District Clerk**

Of _____ County, Texas

By:_____
     Deputy

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**

"My name is _____, my date of birth is _____, and my address is

_____.

I DECLARE UNDER PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____County, State of _____, on the _____day of _____, 20___.

_____
**Declarant/Authorized Process Server**

_____
(Id# & expiration of certificate